## STATE ex DISCUS v VANDORN

Ohio Appeals, 3rd Dist, Crawford Co

Decided March 24, 1937

J. D. Sears, Bucyrus, for appellee.
T. B. Mateer, Mt. Gilead, for appellant.

### OPINION

By GUERNSEY, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court of Crawford County, Ohio, rendered pursuant to the provisions of §12123, GC, adjudging the defendant Herbert Van Dorn to be the reputed father of the bastard child delivered by complainant Bertha Discus on May 18, 1935, and ordering him to pay to the complainant the sum of $174.50, being the necessary expenses of her pregnancy and delivery of said child, together with interest from date of judgment.

On May 18, 1935, the complainant Bertha Discus, an unmarried woman, filed her affidavit before a justice of the peace of Crawford County, Ohio, under the provisions of §12110, GC, charging that she was pregnant with a bastard child and charging the defendant with being the father of such child. Warrant was issued for the arrest of the defendant, and on the same day complainant went to a hospital and the next morning was delivered of a stillborn child.

The defendant was bound over to the Common Pleas Court and subsequently the case was dismissed by the Common Pleas Court for the reason that the justice of the peace had lost jurisdiction.

On the 8th day of February, 1936, the complainant Bertha Discus filed another written complaint against the defendant before the same justice of the peace, which complaint is in the words and figures following, to-wit:

"Before me, W. L. Monnett, one of the justices of the peace in and for Crawford County, Ohio, personally appeared Bertha Discus, resident within said county and made complaint under oath that she is an unmarried woman and that on or about the 18th day of May, 1935, she was delivered of a bastard child, although the same was then and there still-born, and that Herbert Van Dorn is the father of said child."

Warrant was issued for the defendant on said complaint and he was arrested and brought before the justice's court. And

on February 17th the complainant Bertha Discus having been examined under oath by said justice as provided by law, the defendant was by said justice bound over to the Common Pleas Court of Crawford County and ordered to enter into a recognizance for his appearance before said court. The case was submitted to and tried by a jury in the Common Pleas Court on the 11th day of June, 1936, and the jury found the defendant guilty as charged in the complaint. Motion for new trial having been filed and overruled, judgment was entered on the verdict which is the judgment from which this appeal is made.

The complainant makes a number of assignments of error but in his brief filed in this court specifies only two errors, to-wit: 1. That the verdict and judgment are contrary to law; 2. That the verdict and judgment are against the weight of the evidence.

Under the statute, the two assignments mentioned will be the only ones considered and they will be discussed in the order mentioned.

1. The appellant's contention under the first assignment of error above mentioned, is that as the child born to the complainant was stillborn (that is, a dead foetus), that bastardy proceedings could not be maintained under the provisions of the statute, and that the judgment of the court in the case is for that reason without warrant or authority in law.

In support of this contention he relies on the case of Patterson v Bucy, Ohio Decisions Reprint, Volume 6, 723, in which it is held that the putative father of a stillborn bastard is not liable to prosecution by the mother under the bastardy act of 1878, and the case of Helfer v Nelson, 7 O. C.C. Reports at page 263, decided by the Circuit Court of this district about 1893, in which it was held that where a complainant under the bastardy act was delivered of a dead foetus or embryo child twelve weeks after concepion, no recovery could be had and the action abated.

The complaints in the case at bar, as well as the complaints in the cases relied on by appellant, are based on the provisions of §5614, Revised Statutes, now §12110, GC, which reads as follows:

"When an unmarried woman who has been delivered of or is pregnant with a bastard child, makes a complaint in writing under oath, before a justice of the peace, charging a person with being the father of such child, he thereupon shall issue his warrant, directed to any sheriff or constable of the state, commanding him to pursue and arrest such accused person in any county therein, and bring him forthwith before such justice of the peace to answer such complaint."

There has, however, been a change in the provisions of the statutes relating to the judgment to be entered in bastardy proceedings, between the time of the decisions relied on by the appellant and the time of the judgment in the case at bar. Both of the cases relied on by the appellant were decided when §5626, Revised Statutes, later designated as §12123 GC, was in effect and prior to the amendment of §12123, GC, in 110 Ohio Laws at page 296. The pertinent part of the section referred to, at the time the decisions of said cases relied on by appellant were rendered, reads as follows:

"If, in person or by counsel, the accused confesses in court that the accusation is true, or, if the jury find him guilty, he shall be adjudged the reputed father of the bastard child, and stand charged with its maintenance in such sum as the court orders, with payment of costs of prosecution. The court shall require the reputed father to give security to perform such order."

As amended, 110 Ohio Laws at page 296, and in effect at the time the cause of action in the case at bar arose, trial had and judgment rendered, the pertinent part of §12123, GC, reads as follows:

"If, in person or by counsel, the accused confesses in court that the accusation is true, or, if the jury find him guilty, he shall be adjudged the reputed father of the bastard child and the court shall thereupon adjudge that he pay to the complainant such sum as the court may find necessary for support, maintenance and necessary expenses caused by pregnancy and childbirth, together with the costs of prosecution. The court shall thereupon require the reputed father to give security to perform such order."

It will be noted that under the provisions of §5627, Revised Statutes, and §12123, GC, before the amendment in 110 Ohio Laws at page 296, the whole remedy provided for and the object to be obtained under such remedy was the maintenance of the bastard child, while the whole remedy pro-

.. 

vided for and the object to be obtained under such remedy under the provisions of §12123, GC as amended in 110 Ohio Laws 296, is to compel the defendant to pay to the complainant such sum as the court may find to be necessary for her support, maintenance and necessary expenses caused by pregnancy and childbirth, together with costs of prosecution. And it will be noted that in the decisions relied on by appellant, and particularly in the decision in the case of Helfer v Nelson, supra, the construction of the statute adopted is based on the fact that the whole remedy then provided for and the object to be obtained under such remedy was the maintenance of the bastard child.

In 3 Ruling Case Law at page 761, it is stated:

"In the case of bastardy proceedings instituted pending the pregnancy of the complainant the question has arisen whether if the child is stillborn the proceedings abate. On this question the authorities are in conflict due largely to the varying provisions of the statutes. If the sole object of the statute is the maintenance of the child the proceedings abate."

On the proposition contained in the last sentence of this statement a citation is made to a note in 30 L.R.A. (N.S.) 1168. The note referred to incorporates the case of Helfer v Nelson, supra, as well as cases from other states as supporting this proposition.

A corollary of the proposition contained in the last sentence of the above quotation from 3 Ruling Case Law is that if the sole object of the statute is not the maintenance of the child the proceedings do not abate.

Applying this rule we hold that as under the statutes of Ohio as they now exist the whole remedy relates to compelling the defendant to pay the complainant such sum as the court may find to be necessary for her support, maintenance and necessary expenses, caused by pregnancy and childbirth, together with the costs of prosecution, the right of action under the statutes exists irrespective of whether the child is stillborn or born alive, as the expenses the payment of which is provided for in the judgment, are of such character that they would be incurred in either event and it is the intent and purpose of these statutes that such expenses be paid by the reputed father.

The affidavit on which the case at bar is based is therefore in conformity with the provisions of the statutes, and the verdict of the jury and the judgment entered on such verdict are in conformity with and not contrary to law.

2. Upon the assignment that the verdict and judgment are against the weight of the evidence we deem it unnecessary to discuss the evidence at length, but simply to state that we find on an inspection of the bill of exceptions that there is competent, substantial and credible evidence which goes to all the essential elements of the case to support the verdict and judgment and while there is a conflict in the evidence the conflict is such that reasonable men might honestly vary in their conclusions as to whether on the whole record the verdict and judgment is or is not supported by the evidence and in this situation this court is not warranted in reversing the judgment for such claimed error. 2 O. J. 759, 761.

Finding no error in the particulars specified in the brief, the judgment of the Common Pleas Court will be affirmed.

CROW, J, concurs.

KLINGER, J, dissents, being of the opinion that the decision in 7 C.C. page 263, is applicable to the facts of this case, and that for this reason the judgment should be reversed as being contrary to law.